61 F.3d 915
 76 A.F.T.R.2d 95-5902, 95-2 USTC P 50,582
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James C. GATES, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-9031.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1995.
 
 Before BRORBY, LOGAN and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This appeal presents the issue of whether amounts received in settlement of an action under the Age Discrimination in Employment Act are excludable from gross income under 104(a)(2) of the Internal Revenue Code.
 
 
 3
 James C. Gates joined a group of former coworkers and sued United Airlines for violations of the Age Discrimination in Employment Act ("ADEA"). In settlement of this suit, United Airlines paid Mr. Gates back pay and liquidated damages in equal proportions. United Airlines did not withhold any payroll or income taxes from the amount of the settlement.
 
 
 4
 When Mr. Gates filed his income tax return, he included the back pay settlement amount as part of his gross income. However, he omitted the liquidated damages thinking it was excludable under 104(a)(2) of the Internal Revenue Code. The Internal Revenue Service issued a notice of deficiency to Mr. Gates proposing to tax his entire ADEA settlement. The United States Tax Court reviewed the deficiency notice and concluded the liquidated damages as well as the back pay were excluded from gross income under 26 U.S.C.A. 104(a)(2). The Internal Revenue Service appeals this ruling.
 
 
 5
 The issue in this case has squarely been addressed and resolved in a companion case recently decided by the Supreme Court. See Commissioner of Internal Revenue v. Schleier, 115 S.Ct. 2159 (1995). In Schleier, The Taxpayer received back pay and liquidated damages in settlement of the ADEA class action against United Airlines. He too paid taxes only on his back pay and then went to court for a determination of taxable income. The Supreme Court held "no part of [Mr. Schleier's] ADEA settlement is excludable under the plain language of 104(a)(2)." Id. at 2164. The Court determined neither back pay nor liquidated damages under ADEA are received "on account of personal injury or sickness' " as required by 104(a)(2). Id. at 2165. The Court also held an ADEA claim is not based upon a "tort or tort type right[ ]' " (quoting United States v. Burke, 504 U.S. 229, 238 (1992)) for purposes of an exemption under 104(a)(2). Id. at 2166. Hence, "no part of his settlement is excludable under 104(a)(2)." Id. at 2167.
 
 
 6
 Accordingly, we reverse and remand for disposition of this case pursuant to the Supreme Court decision of Commissioner of Internal Revenue v. Schleier.
 
 
 7
 The judgment is REVERSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470